```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                :
BEVERLY BOVE,                   :
                                :
          Plaintiff,            :    Civ. No. 21-cv-20764 NLH)(MJS)
                                :
     v.                         :    MEMORANDUM OPINION AND ORDER
                                :
                                :
JORGE A. CASTROTECUANAPA and    :
BARBARA MANJARREZ               :
                                :
          Defendants.           :
_____ :
```

WHEREAS, this matter having been brought before the Court on Motion of Hoagland, Longo, Moran, Dunst & Doukas, LLP, attorneys for the Defendants, Jorge A. Castrotecuanapa and Barbara Manjarrez, for an Order granting Defendant Barbara Manjarrez Summary Judgment in her favor on Plaintiff's claims against her [Dkt. No. 21][1]; and

WHEREAS, Plaintiff has indicated that she does not oppose Manjarrez's motion [Dkt. No. 24]; and

WHEREAS, while the motion is unopposed the Court still has an obligation to ensure that the motion has merit and judgment in favor of Defendant Manjarrez is warranted by the uncontested material facts and applicable law, see United States v. Brace, 1

---

[1] The docket incorrectly describes this motion as having been brought on behalf of "All Defendants" when it has been filed on behalf of Defendant Manjarrez only.  The Clerk is hereby directed to correct the docket to conform to this Memorandum Opinion and Order.

F.4th 137, 143 (3d Cir. 2021)(stating that, in considering unopposed summary judgment, a court still must find for itself that there is no genuine dispute of material fact and that the movant deserves judgment as a matter of law (citing Fed. R. Civ. P. 56(a))); see also Anchorage Assocs. v. V.I. Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990)(same); and

    WHEREAS, in support of her motion, Manjarrez asserts:

1. This matter involves single motor vehicle accident that occurred on August 17, 2021 in Wildwood Crest, New Jersey.

2. On that date, [Castrotecuanapa] was operating a Honda Odyssey owned by [Manjarrez] when, after entering an intersection, the Honda collided with Plaintiff's vehicle.

3. The Plaintiff's complaint asserts a personal injury claim of negligence against defendant Castrotecuanapa and a claim of negligent entrustment against Defendant Manjarrez.

4. Defendant Castrotecuanapa testified that Manjarrez, his sister-in-law, allowed him to use the Honda Odyssey van to go on vacation to Wildwood, New Jersey.

5. Defendant Castrotecuanapa had no moving violations on his driving prior to the accident with Plaintiff.

6. Defendant Castrotecuanapa testified and certified his driver's license has never been revoked, suspended, nor has had any restrictions placed upon it.

7. Defendant Manjarrez had no knowledge of any moving violation cited to Defendant Castrotecuanapa prior to the date of the accident.

8. Plaintiff has provided no proofs that Manjarrez had knowledge that Defendant Castrotecuanapa was a negligent or dangerous driver prior the date of the accident [Dkt. No. 21-2]; and

WHEREAS, Defendant Manjarrez now moves for summary judgment on Plaintiff's claims, asserting in essence that in the absence of evidence that Manjarrez knew or had reason to know that Defendant Castrotecuanapa presented a risk as a driver that Manjarrez is entitled to summary judgment on Plaintiff's claim of negligent entrustment; and

WHEREAS, Defendant is correct that in the absence of such evidence Manjarrez is entitled to judgment as a matter of law in her favor, see e.g., Hala v. Worthington, 130 N.J.L. 162, 31 A.2d 844, 847 (1943)(finding that, in New Jersey, a plaintiff asserting claim of negligent entrustment must show that the owner knew, or had reason to know, of the driver's incompetency).

IT IS THEREFORE ON THIS __25th__ day of __October__, 2023,

ORDERED that the Defendant, Barbara Manjarrez's, Motion for Summary Judgment be, and the same hereby is, GRANTED and that any and all claims, counterclaims, and crossclaims asserted

3

against Defendant Barbara Manjarrez be, and the same hereby are, DISMISSED WITH PREJUDICE.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |